```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division

ATHAN T. TSIMPEDES,           )
                              )
        Plaintiff,            )
                              )
        v.                    )    1:06cv47(JCC)
                              )
JOHN S. MARTIN,               )
                              )
        Defendant.            )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement pursuant to Rule 12(e).  For the following reasons, the Court will grant in part and deny in part Defendant's motion to dismiss and grant Defendant's motion for a more definite statement.

### I.  Background

Plaintiff, Athan T. Tsimpedes, is an attorney licensed in Maryland, New Jersey, and the District of Columbia. Defendant, John S. Martin, is an attorney licensed in Virginia who practices law as an employee of a professional corporation that bears his name.  Tsimpedes retained Martin to perform legal services in connection with litigation in Middlesex County, Virginia.  According to Tsimpedes's allegations, Martin made false representations in January 2005 about Tsimpedes to third parties in Maryland, Virginia, and the District of Columbia.

Tsimpedes claims that Martin's statements resulted in the termination of his business relationship with an existing client in Maryland and caused him to lose clients and other business opportunities in the District of Columbia.

Tsimpedes filed this action on January 13, 2006. On May 24, 2006, Tsimpedes filed a two-count amended complaint in this Court alleging that Martin's actions constituted defamation and negligent or intentional interference with a business expectancy. On June 1, 2006, Martin filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement pursuant to Rule 12(e).[1] This motion is currently before the Court.

## II.  **Standard of Review**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In passing on a motion to dismiss, "the material

---

[1] Martin's motion originally also sought dismissal on the basis of improper venue, or alternatively, transfer of this matter to the Richmond Division of this District. In his reply papers, however, Martin withdrew his motion insofar as it sought transfer or dismissal based on improper venue.

allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under Rule 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  Motions for more definite statements are not favored. *See, e.g., Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990) (denying motion for more definite statement where court determined that complaint was not so vague and ambiguous so as to preclude defendant from framing a responsive pleading).  Rather, motions for more definite statements are "'designed to strike at unintelligibility rather than simple want of detail,'" and will be granted "only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Id.* (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985)).  *See also Wilson v. United States*, 585 F.

Supp. 202, 205 (M.D. Pa. 1984); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 406 (E.D. Pa. 1981).

### III. Analysis

A. Martin's Individual Liability

Martin's initial argument is that individual liability cannot be imposed upon him for actions taken in the scope of his employment for the professional corporation that bears his name.[2] Martin notes that Tsimpedes's claims arise from his having retained Martin to perform legal services. Martin argues that such legal services were within the scope of his employment for the professional corporation and that, as such, Tsimpedes's remedy lies only against the corporation.

Under Virginia law, individual liability can be imposed on a corporate officer, director, or employee when he or she personally conducts the corporation's affairs in an illegal manner. The Virginia Supreme Court has held that "[a] corporation can act [only] through its officers and agents, and where the business itself involves a violation of the law the correct rule is that all who participate in it are liable." *Crall v. Commonwealth*, 49 S.E. 638, 640 (Va. 1905). In other words, "[a]n officer cannot avoid criminal responsibility for an illegal act on the ground that it was done in his official capacity or through the instrumentality of the corporation which

---

[2] Tsimpedes does not seek to pierce the corporate veil.

he controls and dominates and which he has employed for that purpose." *Bourgeois v. Commonwealth*, 227 S.E.2d 714, 718 (Va. 1976). This doctrine applies in both the criminal and civil contexts. *See, e.g., Commonwealth v. Va. Telemarketing, Inc.*, 15 Va. Cir. 489, 496 (Va. Cir. Ct. Fairfax Co. 1989); *Stitt v. Nautilus Enter., Inc.*, 17 Va. Cir. 150, 152 (Va. Cir. Ct. Fairfax Co. 1989).

In this case, Tsimpedes has alleged that Martin defamed him and intentionally interfered with his business expectancies. With respect to the former claim, Tsimpedes alleges that Martin acted with knowledge of the falsity of his statements and with the intent to harm Tsimpedes's reputation and character. With regard to the latter, Tsimpedes alleges that Martin's intentional conduct was calculated to cause Tsimpedes to lose future business. As Tsimpedes has alleged that Martin has engaged in intentional torts, Martin may be liable in an individual capacity for his acts as a corporate employee.

B.  Timeliness of the Defamation Claim

Tsimpedes's defamation claim is based in part on a letter sent by facsimile from Martin to Michael Dougherty, an attorney based in northern Virginia. The letter, which Tsimpedes has attached to his amended complaint, is dated January 11, 2005 and bears a date stamp indicating that it was faxed on January 14, 2005. Martin argues that Dougherty actually received the

letter on January 12, 2005, and that Tsimpedes's claims are barred by the Virginia statute of limitations to the extent that they rely on the letter.

A federal court sitting in diversity must apply the law of the state in which it sits, including the state's choice of law rules. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-38 (1964). In tort actions, it is well-settled that Virginia applies the rule of *lex loci delicti*, the law of the place of the wrong. *See Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998); *Jones v. R.S. Jones & Assoc.*, 431 S.E.2d 33, 34 (Va. 1993). Accordingly, because the letter to Dougherty was allegedly published in Virginia, the Virginia one-year statute of limitations applies. *See* Va. Code § 8.01-247.1.

A Virginia cause of action for a tort arises on the date the injury is sustained, Va. Code § 8.01-230, which, in the case of a defamation action, is the date of publication. *See Jordan v. Shands*, 500 S.E.2d 215, 218 (Va. 1998). As previously noted, Tsimpedes filed this action on January 13, 2006. Therefore, any statements that were published before January 13, 2005 are time-barred under the Virginia statute of limitations.

The parties' dispute in this case centers on the date that the letter was published. Martin notes that the letter is dated January 11, 2005. Martin has also submitted an affidavit from Michael Doherty, the letter's recipient, in which Doherty

states that he received and read the letter on either January 11, 2005 or January 12, 2005. At this stage in the proceedings, however, it is the Court's duty to deem the material allegations of the complaint as admitted and not to consider the parties' evidence on matters outside the pleadings.[3] This obligation extends to include the exhibits attached to the complaint. *See Jeffrey M. Brown Assocs., Inc. v. Rockville, Ctr., Inc.*, 7 Fed. Appx. 197, 202 (4th Cir. 2001); Fed. R. Civ. P. 10(c). The exhibit attached to Tsimpedes's complaint bears a date stamp reflecting that it was received on January 14, 2005. This was within the one-year limitations period and, as such, any defamation claim based on the letter to Dougherty was timely filed.

## C.  Tortious Interference with a Business Expectancy

Martin contends that Count II of the complaint, which alleges a claim for tortious interference with a business expectancy, fails to state a claim and must be dismissed. The complaint alleges that Martin's conduct caused the severance of a business relationship between National Restaurant Equipment and Supply, located in Maryland, and Tsimpedes's law offices. Thus,

---

[3] Of course, the Court may convert a Rule 12(b)(6) motion to a motion for summary judgment where "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). In such an instance, the court is required to give all parties "reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b). *See also* Plante v. Shivar, 540 F.2d 1233, 1235 (4th Cir. 1976). In this case, the Court is not satisfied that the parties have had a reasonable opportunity for discovery and therefore will not construe Martin's motion as one for summary judgment.

under the Virginia choice of law rule, Tsimpedes's claim must be analyzed under Maryland law.  *See Milton*, 138 F.3d at 521.

In Maryland, the tort of wrongful interference with contractual or business relationships must be established by proof of the following elements:

> (1) intentional and wilful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.

*Kaser v. Fin. Prot. Mktg.*, 831 A.2d 49, 53 (Md. 2003). Furthermore, the actor must have knowledge of the business expectancy with which he is interfering.  *Daugherty v. Kessler*, 286 A.2d 95, 98-99 (Md. 1972).

In the present case, Tsimpedes alleges that Martin intentionally made the statements at issue with knowledge of their falsity, that Martin intended to cause damage to Tsimpedes's business, and that Martin's statements actually resulted in a termination of Tsimpedes's business relationship with National Restaurant Equipment and Supply.  Implicit in these allegations is the contention that Martin was previously aware of Tsimpedes's business relationship with National Restaurant Equipment and Supply.  While Tsimpedes's complaint is not a model of clarity, his allegations are sufficient to state a Maryland claim for tortious interference with a business expectancy.

Martin also argues that Maryland law bars Tsimpedes's claim because Martin was, at all relevant times, acting as Tsimpedes's attorney and agent.  Indeed, "[t]ortious interference with business relationships arises only out of the relationships between three parties, the parties to a contract or other economic relationship and the interferer."  *K & K Management, Inc. v. Lee*, 557 A.2d 965, 973 (Md. 1989).  Maryland law has "never permitted recovery for the tort of intentional interference with a contract when both the defendant and the plaintiff were parties to the contract."  *Wilmington Trust Co. v. Clark*, 424 A.2d 744, 754 (Md. 1981).  As such, "when an employee acts within the scope of her employment, or as an agent of her employer, she cannot be held liable for interfering with the contract, business relationships, or economic relationships, between the employer and another."  *Bleich v. Florence Crittenton Servs.*, 632 A.2d 463, 475 (Md. Ct. Spec. App. 1993).

Nevertheless, an employer can sustain a claim against his employee for tortious interference where the employer alleges "that the employee in question somehow acted maliciously for his own motives and beyond the scope of his authority without the intent to further the interests of the employer."  *Pope v. Bd. of Sch. Comm'rs of Baltimore City*, 665 A.2d 713, 719 (Md. Ct. Spec. App. 1995).  *See also Bleich*, 632 A.2d at 475.  Here, Tsimpedes has alleged that Martin acted beyond the scope of his employment.

Furthermore, based on the allegation that Martin intentionally disseminated false statements to damage Tsimpedes's business relationships, it can readily be surmised that Martin acted without intent to further his employer's interests.  Therefore, Tsimpedes has stated a claim under Maryland law for tortious interference with his business relationship with National Restaurant Equipment and Supply.[4]

Secondly, the complaint alleges that Martin's statements cost Tsimpedes various other clients and business opportunities in the District of Columbia.  Under the Virginia *lex loci delicti* rule, this claim must be analyzed under the law of the District of Columbia.  To state a claim for tortious interference with a business expectancy under District of Columbia law, Tsimpedes must establish: "(1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage."  *Bennett Enters. v. Domino's Pizza, Inc.*, 45 F.3d 493, 499 (D.C. Cir. 1995) (applying District of Columbia law).

---

[4] Count II also alleges, in the alternative, that Martin acted negligently in interfering with Tsimpedes's business expectancies.  A Maryland claim for tortious interference requires that the actor's conduct be intentional and willful.  *See Kaser*, 831 A.2d at 53.  Thus, insofar as Tsimpedes alleges negligent interference with a business expectancy in Maryland, he has failed to state a claim.  Count II will be dismissed to this extent.

In this instance, Tsimpedes's complaint is utterly devoid of allegations sufficient to support a claim under District of Columbia law.  Tsimpedes's complaint consists of nothing more than a bare assertion that Martin's conduct resulted in the loss of vague and unsubstantiated "clients and business opportunities in the District of Columbia."  (Compl. ¶ 14.)  Tsimpedes makes no attempt to plead the existence of a valid business relationship or expectancy in the District of Columbia.  As such, his complaint fails to state a claim for tortious interference with a business expectancy.

D.  Motion for a More Definite Statement

Finally, Martin asks the Court to grant his motion for a more definite statement with respect to Tsimpedes's defamation claim.  Tsimpedes's complaint, in conjunction with the letter attached to it, provides Martin with notice of one communication on which Tsimpedes's defamation claim is based.  Nevertheless, the complaint is framed in a manner that is vague as to whether Tsimpedes alleges that Martin engaged in other acts of defamation.  Indeed, at the oral argument on this motion, Tsimpedes acknowledged that his defamation allegations were not strictly based on the letter attached to his complaint.

Such vague and inconclusive pleadings are insufficient to give Martin notice of the allegations on which Tsimpedes's claims are based.  Notwithstanding Tsimpedes's representations at

oral argument, the complaint itself is unclear as to whether Tsimpedes alleges more than one incident of defamation.  If Tsimpedes's defamation claim is based on other incidents, there is no indication whatsoever as to dates, recipients, or contents of the other communications.  To give Martin notice of the claims against him, the Court will grant his motion for a more definite statement.

### IV.  Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendant's motion to dismiss and grant Defendant's alternative motion for a more definite statement. Count II of the complaint is dismissed except to the extent that it alleges intentional interference with a contractual relationship or business expectancy between Plaintiff and National Restaurant Equipment and Supply.  An appropriate Order will issue.


August 2, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                               UNITED STATES DISTRICT COURT JUDGE